# MoreLaw
*Minneapolis*

TRADITIONAL & VIRTUAL LAW OFFICE SOLUTIONS

January 13, 2014

Mark Lanterman
Computer Forensic Services
601 Carlson Parkway
Suite 1250
Minnetonka, MN 55305
VIA FACSIMILE: (952) 924-9921

Dear Mr. Lanterman:

In response to your email sent Sunday, 1/12/2014 at 4:28 PM, in which you threatened to place a lien on the private data collected from the computers sent to you from MoreLaw Minneapolis and sell that data at public auction, I remind you that your duty to maintain the confidentiality of that data may not be abrogated. You may place a lien on the computers themselves, but not on the data that you extracted. We believe that your retaining this data is a breach of confidentiality and we are discussing your conduct with our attorneys.

I will be reporting your threatened exposure of private data to local and federal authorities. This threat is intent to harm persons not involved in our transaction, with whom you have no right under law to jeopardize.

You are hereby put on notice that the private data you collected has not been previously disclosed, and if any instance of that data being publicly or otherwise available comes to light, you and your company will be the primary suspect of the dissemination.

Further, we have no contract, retainer agreement, or any other written agreement that would allow for such remedy.

When you were contacted by Mr. Chaudhary, and again with a follow up call from me and Mr. Chaudhary, your representative said that you would take a preliminary look at the computers to see if there were any apparent red flags, and then provide us with a price quote and a proposed scope of work. I specifically asked about the cost of the service and was told that it was too soon to tell.

We never received a price quote or any other communication from your company regarding fees, hourly rates, or terms of service. We never had an agreement as to any scope of work past

your initial consultation. We learned that the initial imaging and preliminary work would be $300 per computer when we called to retrieve the first computer. We paid for this service and the CD with the image at the time of service. The additional $2,000 invoice was unexpected and unbudgeted for, and frankly shocking to us when we received it.

We did not have any communication from your company that would have given us notice about these fees and we never approved work that would garner such fees. We have no agreement for such work between our company and yours. We have no obligation to pay this bill, and yet until today we had agreed to pay. We, however, cannot currently pay the bill in full, and after consideration of what you delivered, our obligation to you, and the manner in which you have handled this matter, we have decided not to honor the invoice.

If you would rather litigate the matter, I believe that we could show that we paid in full for the service that we agreed to. Personally, I would rather work something out between us. However, if you choose to place a lien on the private data that you hold, we will pursue criminal prosecution and civil remedies to the fullest extent available to us.

Sincerely,

Kimberly M. Hanlon
Attorney at Law
and Co-Owner, MoreLaw Minneapolis LLC

cc: Satveer Chaudhary
Sara Hanlon
William Hanlon
Jessica McKinney