| | |
|---|---|
| **From:** | Mark Lanterman |
| **To:** | kimberly.hanlon@morelawmpls.com |
| **Cc:** | David Streeter; bill.hanlon@morelawmpls.com; sara.hanlon@morelawmpls.com; satveer@chaudharylawoffice.com |
| **Subject:** | Re: Confidential |
| **Date:** | Monday, January 13, 2014 1:27:29 PM |
| **Attachments:** | More Law.pdf |

Dear Kimberly-

I am writing in response to your fax of January 13th, in which you threaten to pursue "criminal prosecution."

Minnesota law contains the following provision for a lien on personal property:

Whoever, at the request of the owner or legal possessor of any personal property, shall store or care for or contribute in any of the modes mentioned in section 514.19 to its preservation, care, or to the enhancement of its value, shall have a lien upon such property for the price or value of such storage, care, or contribution .... Minn. Stat. § 514.18, subd. 1.

The "modes mentioned in section 514.19" include a lien for "making, altering, or repairing any article, other than livestock, or expending any labor, skill or material on it." Minn. Stat.§ 514.19(4). "If any sum secured by such lien be not paid within 90 days after it becomes due, the lienholder may sell the property .... " Minn. Stat.§ 514.20.

Here, CFS asserts that it is entitled to a lien on the data because it expended labor and skill transferring and verifying the data from the hardware and conducting the analysis requested by Mr. Chaudhary, thereby preserving the data and enhancing its value.

The situation in this case is most analogous to the case of Gordon v. Freeman, 112 Minn. 482, 128 N.W. 834 (1910). In Gordon, the plaintiff, a farm owner, hired defendant to thresh a crop of grain on her field. 112 Minn. at 483, 129 N.W. at 835. The defendant retained a portion of the grain as security for payment of the threshing bill. Id. The court held that the defendant was entitled to a lien for the cost of threshing the grain. Id. at 485, 129 N.W. at 836.

"To thresh" means "[t]o beat (e.g., cereal plants) with a machine or flail to separate the grains or seeds from the straw." American

Heritage Dictionary (3d ed. 1994). By threshing the plaintiff's crop for her, the defendant in Gordon was extracting the grain from the chaff. The defendant did not create or modify the grain; he merely made it usable and accessible. It was the grain that was valuable, not the chaff.

Likewise, in this case, the services CFS performed for your client was to load and verify the data from the forensic images and to conduct an analysis. CFS used special tools and expertise, just as the Gordon defendant used a threshing machine. The fact that CFS did not create or modify the data is not dispositive; it put the data in usable and accessible form. Therefore, under Gordon, it is my position that CFS is entitled to a lien on the data that is lawful, valid, and enforceable.

Why you would want to make public the fact that More Law hired a paralegal with multiple felony convictions for identify theft and subsequently allowed that individual access to your client's data is beyond me. Regardless, I believe you have left me no choice but to move forward with a lien and public auction.

As an attorney, you should know the law before you make threats.

----------------------------------------
Mark Lanterman
Chief Technology Officer
Computer Forensic Services
601 Carlson Parkway
Suite 1250
Minnetonka, MN  55305
952-924-9920 office
952-924-9921 fax
www.compforensics.com
mlanterman@compforensics.com