**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Computer Forensic Services, Inc., and 360 Security Services, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>BraunHagey & Borden LLC,<br><br>    Defendant, | Case No. 22-cv-2665 (DWF/ECW)<br><br>Date Complaint filed: Aug. 16, 2022<br><br>**DECLARATION OF RONALD J. FISHER IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

I, Ronald J. Fisher, declare:

1. I am a partner at and general counsel of the law firm BraunHagey & Borden LLP (BHB), based in San Francisco, California. I am authorized to make this declaration in support of BHB's motion for a preliminary injunction.

2. BHB is a law firm appointed to represent a proposed consumer class in the pending lawsuit *Spectrum Scientifics v. Celestron*, Case No. 5:20-cv-03642-EJD (N.D. Cal.) (the *Spectrum* litigation). As appointed counsel to the class plaintiffs, BHB has a fiduciary duty to limit the class's costs and maximize its recovery. The representative plaintiff in that case is Radio City, Inc., a Minnesota corporation. Radio City had a retail store in Minneapolis that sold telescopes until it closed December 2018. In the *Spectrum* litigation, Radio City alleges that illegal prices set by the defendants—a group of telescope manufacturers, holding companies, and shell corporations controlled by a Chinese national—unlawfully depressed margins on the telescopes it sold.

3. BHB retained CFS on June 1, 2021, to obtain information from electronic and physical (paper) sources related to Radio City. The parties entered into a written agreement, attached as Exhibit A to this declaration.

4. BHB identified electronic devices for forensic preservation. A CFS employee picked up the devices from BHB's client. CFS extracted data from some (but not all) of the electronic devices, and scanned paper documents held by Radio City.

5. On July 7, 2021, BHB received invoices from CFS for $24,754.80 and $8,072.50. On July 23, 2021, BHB emailed CFS regarding the July 7 invoices. A true and correct copy of the email is attached as Exhibit B.

6. BHB then discovered that CFS was attempting to bill BHB for the many hours that its computers were processing data as "forensic analyst time." In September 2021, at BHB's direction, CFS transferred the 12 devices that CFS had unsuccessfully attempted to recover data from to a vendor of BHB's choosing. The vendor successfully recovered the data, while billing only part of the time and money that CFS did.

7. On September 23, 2021, CFS emailed BHB the invoices to date, which were for $292.50, $8,072.50, and $24,754.80. Attached as Exhibit C is a true and correct copy of the email. Beginning on October 1, 2021, without BHB's knowledge or consent, CFS began live-hosting the data rather than preserving it. In early November 2021, CFS contacted BHB's clients in the *Spectrum* litigation and demanded that they personally pay the invoices and insinuated that the clients' property might be destroyed if payment was not made.

8. On November 8, 2022, I emailed a letter to CFS. A true and correct copy of the letter is attached as Exhibit D.

9. On November 9, 2021, I received an email from Mark Lanterman. A true and correct copy of the letter is attached as Exhibit E.

10. On November 17, 2021, I sent an email responding to Mark Lanterman's November 9 letter. Attached as Exhibit F is a true and correct copy of my email.

11. On November 17, 2021, I was contacted by Nancy M. Vold from the James H. Gilbert Law Group, PLLC, who informed me that Mark Lanterman had contacted their office about an arbitration. I responded, indicating that no such arbitration agreement had been reached.

12. On May 31, 2022, CFS again attempted to bring an arbitration, this time before JAMS. CFS's arbitration demand is attached as Exhibit G. Attached as Exhibit H is a true and correct copy of JAMS letter declining the arbitration.

13. According to CFS, it intends to invoice BHB for data-hosting charges totaling $84,882.82, covering October 1, 2021, to May 24, 2022—and it will continue to bill for this live-hosting indefinitely. BHB's numerous requests that CFS simply preserve the data—rather than live-hosting the data—or return the data and devices have gone unanswered or been refused.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 8, 2022               By: */s/ Ronald J. Fisher*
                                           Ronald J. Fisher