| | |
|---|---|
| **From:** | Cassandra B Merrick |
| **To:** | Brendan M. Kenny |
| **Cc:** | Christopher W Madel |
| **Subject:** | Re: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator |
| **Date:** | Friday, August 26, 2022 12:12:22 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | Jeffrey J Keyes Resume_2.pdf |

I am not opposed to discussing anything, Brendan. We have attempted to commence this arbitration for months. The problem is, though, that you and you client are trying to discuss issues (that we disagree will have much impact) prematurely. What is the point of discussing third party discovery and dispositive motions, when we have not come to an agreement on threshold issues (like who the arbitrator will be)? Your preoccupation with such issues are a thinly veiled delay tactic—and are completely consistent with your client's conduct to forestall the arbitration thus far.

I am attaching the resume for Judge Keyes. I have requested Judge Fraser's but haven't received it yet; I will forward as soon as I have it. Please let me know if either candidate is acceptable to your client. If not, we will proceed with serving the complaint.

We demand that your client pay its bills. We cannot be any clearer, either.

Best,

Cassie Merrick
612-605-0632 (direct)

---

**From:** "Brendan M. Kenny" <bkenny@hjlawfirm.com>
**Date:** Thursday, August 25, 2022 at 9:12 AM
**To:** Cassie Merrick <cmerrick@madellaw.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** RE: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Cassie,

Thanks for getting back to me.

First, I'm not sure what you mean by an arbitration impasse. How can the parties be at an impasse when you haven't explained what you disagree with in our proposal (other than the dispositive motion)? Did you intend not to address the additional arbitrator with subject-matter experience (David Allgeyer) whom I proposed in my August 19 email? Is your belief in an arbitration impasse the reason you haven't provided us with Judge Jeffrey Keyes and Judge Thomas Fraser's CV and rates that I requested in my August 19 email? And are you opposed to discussing what third-party discovery you anticipate conducting during the arbitration, as I asked in my August 19 email? I also noticed that you did not attach a red-lined version (or any version at all) of the proposed post-dispute arbitration agreement. Do you or your client have any objection to at least finalizing the

DEFENDANT'S
EXHIBIT
3

provisions of the agreement that the parties are agreed upon? It seems to us that this would at least clarify whether the parties are actually at an impasse, or whether there remains a path forward.

Second, we disagree that the dispositive motion is not relevant in our arbitration discussions. After all, if it is relevant for you to state that you are intent on conducting third-party discovery during arbitration, how is it different for us to insist on an early dispositive motion on the billing of computer-processing time? On a related note, when we spoke on July 20, you indicated that there is a case involving CFS that you contend supports CFS's position that computer-processing time is appropriately billed as analyst time. I requested in my August 3 email that you provide us the order in the case that you believe supports CFS's position, so we can review it. You have not done so. Are you against providing us the order?

Third, regarding the *Spectrum* plaintiffs' data and devices, for the fourth time, we demand that the data and devices be returned. We cannot be any clearer.

Finally, in furtherance of BHB's fiduciary duty to safeguard its clients' data and devices, we are compelled to ask: Is CFS making a distinction between their devices and data? And if so, does CFS insist on not returning their devices as well as their data?

I hope to hear from you soon.

Thanks,
-Brendan



**BRENDAN M. KENNY**
Attorney at Law
Direct: 952-746-2139
**hjlawfirm.com**

---

**From:** Cassandra B Merrick <cmerrick@madellaw.com>
**Sent:** Wednesday, August 24, 2022 3:00 PM
**To:** Brendan M. Kenny <bkenny@hjlawfirm.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** Re: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Brendan,

Thanks. We disagree with your proposal and proposed arbitrators for a number of reasons and believe we're at an impasse. While we would always prefer to avoid burdening the Court, we have been attempting to get this arbitration commenced for 9 months and would prefer to get before an arbitrator and get started. To that end, I have inquired several times whether you are authorized to accept service. Are you? If not, we will begin attempting service and will also be scheduling a hearing on our motion to compel arbitration.

Although not relevant to the issue of selecting an arbitrator at this point, I want to make

clear our position regarding dispositive motions. With respect to your client's demand for an "early dispositive motion," as in nearly every arbitration proceeding and under any arbitration rules of which we are aware, your client should be required to request permission from the arbitrator to file a dispositive motion on its "computer run time" argument and make a showing that it would in fact narrow the issues and facts to be presented in the arbitration by way of a preliminary two-page letter. This argument is not dispositive of the entire dispute and it won't narrow the issues for discovery. Frankly, it is waste of time on a relatively narrow defense that could be reserved for the arbitration and save time and resources on early briefing. We see no reason it needs to be raised before other dispositive motions.

I have now stated numerous times by phone and email that CFS will preserve the data at your client's request and my last email also stated that CFS is not "live hosting" the data. Your client abandoned the data with CFS under the terms of the agreement, and transfer of the data is a service for which CFS charges, and it will not do so unless your client pays its bills. I'm not sure what further assurances I can make to you here.

I look forward to hearing from you regarding whether your client has authorized you to accept service of the Complaint and Summons.

Best,

Cassie Merrick
612-605-0632 (direct)


Cassie Merrick
612-605-0632 (direct)

---

**From:** "Brendan M. Kenny" <bkenny@hjlawfirm.com>
**Date:** Tuesday, August 23, 2022 at 10:37 AM
**To:** Cassie Merrick <cmerrick@madellaw.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** RE: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Cassie,

You didn't receive my response that I sent on Friday? I have attached it to this email to make sure both parties are on the same page.

Thanks,
-Brendan

**BRENDAN M. KENNY**
Attorney at Law
Direct: 952-746-2139
**hjlawfirm.com**



**From:** Cassandra B Merrick <cmerrick@madellaw.com>
**Sent:** Tuesday, August 23, 2022 10:31 AM
**To:** Brendan M. Kenny <bkenny@hjlawfirm.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** Re: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Brendan,

Having not heard back from you in nearly a week, I anticipate your client is not agreeable to our proposals. Please advise at your earliest convenience whether you are authorized to accept service of the Complaint and Summons in the Hennepin County action. We will begin to attempt service tomorrow.

Best,

Cassie Merrick
612-605-0632 (direct)

**From:** Cassie Merrick <cmerrick@madellaw.com>
**Date:** Wednesday, August 17, 2022 at 10:04 AM
**To:** "Brendan M. Kenny" <bkenny@hjlawfirm.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** Re: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Brendan,

The idea that my client and I are the ones not willing to work in good faith to arbitrate this dispute is absurd. We have being trying to do just that since November 2021. We filed the action petitioning for an order compelling arbitration yesterday (before I received your email) as I said we would. I await your response to my 3:01 pm email from yesterday asking whether you're authorized to accept service of the Complaint and Summons in that publicly-filed action.

Nonetheless, we will hold off on obtaining a hearing date on our motion to compel arbitration once a judge is assigned to the case if we can work out an arbitration agreement by Friday. Our edits to your proposal are attached. I see no reason to wait to move this along until you're available by phone on Friday or Monday; if you can review our edits and believe progress can be made, I suggest we keep things moving. If you believe a phone call is necessary, I can be available today anytime after 11:30 am or tomorrow between 8:30 am and 1 pm, 3-4 pm, or after 5 pm. If Friday is your soonest availability, I can make myself

available anytime except 10-10:30 am.

We will not agree to use Mr. Ragan as the arbitrator for this dispute. We propose the following individuals, any of whom are eminently qualified to decide a breach of contract case:

-Judge Thomas Fraser
-Judge Jeffrey Keyes
-Judge Robert Blaeser
-Justice Kathleen Blatz
-Justice James Gilbert

With respecting to your concerns about "live hosting," my client has maintained the data it received. Pursuant to the parties' contract and your client's request for CFS to continue preserving it, my client has charged for that service. It has not been "live" hosted, such that it is being stored in a document review platform.

Best,

Cassie Merrick
612-605-0632 (direct)

---

**From:** "Brendan M. Kenny" <bkenny@hjlawfirm.com>
**Date:** Tuesday, August 16, 2022 at 4:06 PM
**To:** Cassie Merrick <cmerrick@madellaw.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** RE: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Cassie,

Attached please find a proposed term sheet outlining a post-dispute arbitration agreement. Please let us know your thoughts. At this point, I am available for a call on Friday or Monday to discuss. Both days are wide open right now. I'm not sure how long that will be the case.

Also, we propose Charles Ragan (https://www.fedarb.com/professionals/adr-neutral-charles-ragan/) as the arbitrator. I have attached his fee schedule. It hard to imagine someone who is a better fit for this type of matter—especially regarding the industry standard for billing computer-processing time as "analyst time" and live-hosting data rather than preserving it in cold storage.

We are troubled by your suggestion that your client will not engage in good faith to try and reach an arbitration agreement before burdening a court with motion practice. We are seeking to work with you in good faith notwithstanding JAMS' determination that no enforceable pre-dispute arbitration agreement exists. Of course, if we can't reach agreement on material terms, there will be no arbitration agreement. We have accordingly worked to provide you this proposal, while your client has notably not undertaken any laboring oar here. If you are intent on filing a wasteful motion that will be denied rather than working in good faith with us, we cannot stop you—but we will seek our

fees and costs expended in defeating your motion.  We would prefer that you work with us in good faith.

Finally, you once again did not respond to our demand that your client cease live-hosting any data.  Your client has no claim or right to continue to hold the data, which should be returned.  But if your client will not do that, then we demand confirmation and assurances that your client has ceased live hosting and is securely preserving the data in cold storage, as they should have done from the outset.  Please provide that confirmation by **5pm CST on Thursday, August 18**.

Thanks,
-Brendan

### BRENDAN M. KENNY
### Attorney at Law

Direct: 952-746-2139
Bio | vCard | LinkedIn



8050 West 78th Street, Edina, MN  55439
Office:  952-941-4005
Fax:  952-941-2337

### hjlawfirm.com

***Privilege and Confidentiality Notice***
This electronic mail message and any attached files contain information intended for the exclusive use of the specific individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information is prohibited and may be subject to legal restriction or sanction. Please notify the sender, by reply electronic mail or telephone, of any unintended recipients and delete the original message and any attachments without making any copies. Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.