| | |
|---|---|
| From: | Brendan M. Kenny |
| To: | "Cassandra B Merrick" |
| Cc: | Christopher W Madel |
| Bcc: | Ron Fisher; "Fisher_Ronald_J__BraunHagey__Bord_32294_0001_Email" |
| Subject: | RE: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator |
| Date: | Friday, August 19, 2022 7:36:38 AM |
| Attachments: | image002.png |
| | image003.png |
| | Proposed Post-Dispute Arbitration Agreement - BMK Edits 8_19_22 (6116965.2).docx |

Cassie,

Thank you for getting back to me. My client is flexible and willing to consider changes to the proposed post-dispute arbitration agreement. But my client remains firm in its conviction that there must be an early dispositive motion on the billing of computer-processing time. I have indicated this in a comment to the attached document. As for third-party discovery, what are you anticipating?

Regarding the arbitrators, we were hoping your client would be receptive to Mr. Ragan because of his subject-matter experience. Would David Allgeyer (https://daveadr.com/about) be acceptable? He has a lot of experience in software and technology cases as well as contract cases. His rate is $475 per hour for all work on the case. Is your client opposed to having an arbitrator with subject-matter experience in eDiscovery and forensics? As for Judge Thomas Fraser and Judge Jeffrey Keyes, can you provide their CVs and rates?

Regarding the data belonging to the consumer class-action representative plaintiff, is there anything preventing CFS from returning the data to my client? And if so, is there anything preventing CFS from preserving the data without hosting the data? This is now the third time that I have requested the data since being retained by BHB, in addition to BHB's own requests. The bottom line is that if CFS will not return the data to my client, or if it continues to threaten to destroy the data unless BHB pays CFS what CFS demands, we will seek relief from the court.

I am available to talk today anytime. Just let me know what time works best for you.

Thanks,
-Brendan



**BRENDAN M. KENNY**
Attorney at Law
Direct: 952-746-2139
**hjlawfirm.com**

**From:** Cassandra B Merrick <cmerrick@madellaw.com>
**Sent:** Wednesday, August 17, 2022 10:04 AM
**To:** Brendan M. Kenny <bkenny@hjlawfirm.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** Re: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

DEFENDANT'S EXHIBIT 4

Brendan,

The idea that my client and I are the ones not willing to work in good faith to arbitrate this dispute is absurd. We have being trying to do just that since November 2021. We filed the action petitioning for an order compelling arbitration yesterday (before I received your email) as I said we would. I await your response to my 3:01 pm email from yesterday asking whether you're authorized to accept service of the Complaint and Summons in that publicly-filed action.

Nonetheless, we will hold off on obtaining a hearing date on our motion to compel arbitration once a judge is assigned to the case if we can work out an arbitration agreement by Friday. Our edits to your proposal are attached. I see no reason to wait to move this along until you're available by phone on Friday or Monday; if you can review our edits and believe progress can be made, I suggest we keep things moving. If you believe a phone call is necessary, I can be available today anytime after 11:30 am or tomorrow between 8:30 am and 1 pm, 3-4 pm, or after 5 pm. If Friday is your soonest availability, I can make myself available anytime except 10-10:30 am.

We will not agree to use Mr. Ragan as the arbitrator for this dispute. We propose the following individuals, any of whom are eminently qualified to decide a breach of contract case:

-Judge Thomas Fraser
-Judge Jeffrey Keyes
-Judge Robert Blaeser
-Justice Kathleen Blatz
-Justice James Gilbert

With respecting to your concerns about "live hosting," my client has maintained the data it received. Pursuant to the parties' contract and your client's request for CFS to continue preserving it, my client has charged for that service. It has not been "live" hosted, such that it is being stored in a document review platform.

Best,

Cassie Merrick
612-605-0632 (direct)

---

**From:** "Brendan M. Kenny" <bkenny@hjlawfirm.com>
**Date:** Tuesday, August 16, 2022 at 4:06 PM
**To:** Cassie Merrick <cmerrick@madellaw.com>
**Cc:** Christopher W Madel <cmadel@madellaw.com>
**Subject:** RE: Computer Forensic Services v. BHB—Post-Dispute Arbitration Agreement & Proposed eDiscovery Arbitrator

Cassie,

Attached please find a proposed term sheet outlining a post-dispute arbitration agreement. Please

let us know your thoughts. At this point, I am available for a call on Friday or Monday to discuss. Both days are wide open right now. I'm not sure how long that will be the case.

Also, we propose Charles Ragan (https://www.fedarb.com/professionals/adr-neutral-charles-ragan/) as the arbitrator. I have attached his fee schedule. It hard to imagine someone who is a better fit for this type of matter—especially regarding the industry standard for billing computer-processing time as "analyst time" and live-hosting data rather than preserving it in cold storage.

We are troubled by your suggestion that your client will not engage in good faith to try and reach an arbitration agreement before burdening a court with motion practice. We are seeking to work with you in good faith notwithstanding JAMS' determination that no enforceable pre-dispute arbitration agreement exists. Of course, if we can't reach agreement on material terms, there will be no arbitration agreement. We have accordingly worked to provide you this proposal, while your client has notably not undertaken any laboring oar here. If you are intent on filing a wasteful motion that will be denied rather than working in good faith with us, we cannot stop you—but we will seek our fees and costs expended in defeating your motion.  We would prefer that you work with us in good faith.

Finally, you once again did not respond to our demand that your client cease live-hosting any data. Your client has no claim or right to continue to hold the data, which should be returned.  But if your client will not do that, then we demand confirmation and assurances that your client has ceased live hosting and is securely preserving the data in cold storage, as they should have done from the outset.  Please provide that confirmation by **5pm CST on Thursday, August 18**.

Thanks,
-Brendan

### BRENDAN M. KENNY
### Attorney at Law

Direct: 952-746-2139
Bio | vCard | LinkedIn



8050 West 78th Street, Edina, MN  55439
Office:  952-941-4005
Fax:  952-941-2337

### hjlawfirm.com

***Privilege and Confidentiality Notice***
This electronic mail message and any attached files contain information intended for the exclusive use of the specific individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information is prohibited and may be subject to legal restriction or sanction. Please notify the sender, by reply electronic mail or telephone, of any unintended recipients and delete the original message and any attachments without making any copies. Thank you.