

800 PENCE BUILDING
800 HENNEPIN AVENUE
MINNEAPOLIS, MINNESOTA  55403
(612) 605-0630
WWW.MADELLAW.COM

CHRISTOPHER W. MADEL
DIRECT DIAL
(612) 605-6601
CMADEL@MADELLAW.COM

January 18, 2023

The Honorable Donovan W. Frank
United States District Court
316 N. Robert Street
Courtroom 7C
St Paul, MN 55101

   Re: *Computer Forensic Services, Inc. et al v. BraunHagey and Borden LLC*
     Court File No. 0:22-cv-02665-DWF-ECW

Dear Judge Frank:

   I write on behalf of my client in the above-captioned action to advise Your Honor that today, Defendant served upon my client the attached subpoena (executed by Ron Fisher) seeking "All data and devices You have obtained from Radio City, Inc." with a compliance date of February 6, 2023 in connection with action pending in the U.S. District Court for the Northern District of California. We understand this to be the property that is the subject of Defendant's currently-pending Motion for Preliminary Injunction.

   Given the pending motions before Your Honor, we wanted to make the Court aware of this action by Defendant.

        Very truly yours,

         *s/ Christopher W. Madel*

        Christopher W. Madel

CC: All Counsel of Record (via CM/ECF)

Attachment

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| Spectrum Scientifics, LLC et al | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   5:20-cv-03642-EJD |
| Celestron Acquisition, LLC et al | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Mark Lanterman and/or Agent, Computer Forensic Services, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Warp9, 480 Clementia St., #A, San Francisco, CA 94103 OR Hellmuth & Johnson, PLLC, 8050 W. 78th ts. Minneapolis, MN 55439 | Date and Time: February 6, 2023 at 5:00 p.m. |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/17/2023

                *CLERK OF COURT*

                                      OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Radio City, Inc.                                   , who issues or requests this subpoena, are:

Ronald Fisher, Esq.; 351 California St., 10th Fl., San Francisco, CA 94104; fisher@braunhagey.com; (415) 599-0210

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  5:20-cv-03642-EJD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                              *Server's signature*

                                    _____
                                              *Printed name and title*

                                    _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
 **(i)** is a party or a party's officer; or
 **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 **(i)** fails to allow a reasonable time to comply;
 **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 **(i)** expressly make the claim; and
 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

1.  The following rules of construction shall apply to all discovery requests:

    a.  "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every";

    b.  "Any" shall be construed to mean "any and all";

    c.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

    d.  The use of the singular form of any word includes the plural and vice versa.

2.  "Action" shall mean the consolidated actions known as *In re Telescopes Antitrust Litigation*, Case No. 5:20-cv-03639-EJD (N.D. Cal.).

3.  The terms "Defendant" or "Defendants" mean:

    a.  Synta Technology Corp. of Taiwan;

    b.  Suzhou Synta Optical Technology Co., Ltd.;

    c.  Nantong Schmidt Opto-Electrical Technology Co. Ltd.;

    d.  Synta Canada International Enterprises Ltd.;

    e.  Pacific Telescope Corp.;

    f.  Olivon Manufacturing Co. Ltd.;

    g.  SW Technology Corporation;

    h.  Celestron Acquisition, LLC;

    i.  Olivon USA, LLC;

    j.  Dar Tson ("David") Shen;

    k.  Joseph Lupica;

    l.  Dave Anderson;

    m.  Ningbo Sunny Electronic Co. Ltd. ("Ningbo Sunny"); and

1

1   their past and present employees, offices, directors, agents, attorneys, affiliates, subsidiaries, joint

2   ventures, successors, predecessors, and any persons acting on behalf of any of the foregoing.

3       4.      The terms "Co-Conspirator" or "Co-Conspirators" mean:

4               a.      Jean Shen;

5               b.      Sylvia Shen;

6               c.      Jack Chen;

7               d.      Corey Lee;

8               e.      Laurence Huen;

9               f.      Sunny Optical Technology Co., Ltd.;

10              g.      Meade Instruments Corp.;

11              h.      Sunny Optics Inc.;

12              i.      Wenjun ("Peter") Ni;

13              j.      Wang Wenjian; and

14  their past and present employees, offices, directors, agents, attorneys, affiliates, subsidiaries, joint

15  ventures, successors, predecessors, and any persons acting on behalf of any of the foregoing.

16      5.      "Communication" or "Communications" means the transmittal of information (in

17  the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to,

18  telephone calls, emails (whether via company server or personal webmail or similar accounts),

19  faxes, text messages (on work or personal phones), instant messages, social media messages, Skype

20  or Voice over Internet Protocol messages, letters, notes, and voicemails.

21      6.      "Document" or "Documents" shall have the broadest possible meaning and

22  interpretation ascribed to the terms "documents" and "tangible things" under the Federal Rules of

23  Civil Procedure. "Document" is defined to include any Document and ESI stored in any medium,

24  and is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil

25  Procedure 34, including electronic or computerized data compilations, electronic chats, instant

26  messaging, email communications, other ESI from personal computers, sound recordings,

27  photographs, and hard copy documents maintained in Your personal files.

28

7.    "Electronically Stored Information" or "ESI" shall mean information that is stored in Electronic Media, regardless of the media or whether it is in the original format in which it was created and that is retrievable in perceivable form and includes metadata, system data, deleted data, and fragmented data.

8.    "Electronic Media" shall mean any magnetic, optical, or other storage media device used to record ESI including computer memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray discs, cloud storage (e.g., DropBox, Box, OneDrive, or SharePoint), tablet computers (e.g., iPad, Kindle, Nook, or Samsung Galaxy), cellular or smart phones (e.g., BlackBerry, iPhone, or Samsung Galaxy)), personal digital assistants, magnetic tapes of all types, or any other means for digital storage or transmittal.

9.    "Synta Entities" shall mean the following entities or individuals, and their officers, directors, agents, employees, attorneys, predecessors-in-interest, successors, subsidiaries, and all other persons acting or purporting to act on their behalf: Suzhou Synta Optical Technology Co., Ltd.; Nantong Schmidt Opto-Electrical Technology Co., Ltd.; Good Advance Industries Limited; Celestron Acquisition LLC; Synta Technology Corp.; Atlas E-Commerce LLC; Pacific Telescope Corporation, Synta Canada Int'l Enterprises Ltd., Sky-Watcher USA, Sky-Watcher Canada, and SW Technology Corporation; also including the principals of the aforementioned entities, including but not limited to David Shen and his family, Jack Chen, and Sylvia Chen.

10.    "You" and "Your" shall mean Computer Forensic Services, Inc., its predecessors in interest, subsidiaries, affiliates, parents, partners, holding companies, divisions, departments, operating units and other subdivisions; their present and former directors, officers, employees, agents, attorneys, consultants and representative, and all Persons either acting or purporting to act on behalf of the above, or any of them.

## INSTRUCTIONS

1.    These requests call for the production of all responsive Documents that are within Your possession, custody or control.

2.    If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection,

3

1 | please furnish a log providing the following information with respect to each such withheld
2 | Document: date, author, recipients, general subject matter sufficient to make a *prima facie*
3 | determination whether the asserted privilege has been properly invoked, and the legal basis upon
4 | which the Document has been withheld.

5 |       3.    With respect to any Document maintained or stored electronically, please produce it
6 | in a manner that maintains the integrity and readability of all data, including all metadata.

7 |       4.    Please produce all Documents maintained or stored electronically in "*.txt" files or
8 | "*csv" files, with all relevant metadata intact. Encrypted or password-protected Documents should
9 | be produced in a form permitting them to be reviewed. You are also requested to immediately meet
10 | and confer regarding the manner in which You shall produce Documents stored electronically in
11 | order for the parties to try and reach agreement in this regard and avoid any unnecessary expense,
12 | including any unnecessary duplication of effort.

13 |       5.    Please organize electronic Documents produced for inspection in the same manner
14 | that You store them (*e.g.*, if maintained by a custodian, such as e-mail residing on an e-mail server,
15 | please organize Documents for production by custodian; if maintained as a subfolder of "My
16 | Documents" on a custodian's hard drive, please organize Documents for production by custodian
17 | with path information preserved, etc.).

18 |       6.    At Your election, Documents maintained or stored in paper, hard-copy form can be
19 | produced as searchable .PDF (*i.e.*, portable document format files with embedded text) and in an
20 | appropriate and usable manner (*e.g.*, by copying such data onto an external hard drive).

21 |       7.    These requests require production of paper Documents in the same form and the
22 | same order as they are kept in the usual course of business, or organized and labeled to correspond
23 | with the requests set forth below. If You choose the former method, the Documents are to be
24 | produced in boxes, file folders, binders and other containers in which the Documents are found.
25 | The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to
26 | be left intact.

27 |       8.    Documents stored as electronic data on magnetic, optical, or other storage media as
28 | "active" or "backup" files shall be produced in their native formats with any associated metadata.

9.      To the extent responsive Documents reside on databases and such other systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

10.     To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

11.     Each Document request shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive, followed by Your response.

12.     No part of a Document request shall be left unanswered merely because an objection was interposed to another part of the Document request.

13.     If You object to any Document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be deemed waived.

14.     If You are unable to answer any Document request, the reasons for Your inability to answer shall be separately stated in detail for each Document request.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All data and devices You have obtained from Radio City, Inc.

5