UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Computer Forensic Services, Inc., and 360 Security Services LLC, | Civil No. 22-2665 (DWF/ECW) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| BraunHagey & Borden LLC, | |
| Defendant. | |

___

Cassandra B. Merrick, Esq., Christopher W. Madel, Esq., Madel PA, counsel for Plaintiffs Computer Forensic Services, Inc., and 360 Security Services LLC.

Brendan M. Kenny, Esq., J. Robert Kenna, Esq., Hellmuth & Johnson PLLC; Mitchell C. Stein, Esq., Ronald James Fisher, Esq., BraunHagey & Borden LLP; counsel for Defendant BraunHagey & Borden LLC.

___

# INTRODUCTION

This matter is before the Court on Plaintiffs Computer Forensic Services, Inc., and 360 Security Services LLC's (collectively, "Plaintiffs") motion to compel arbitration (Doc. No. 22) and Defendant BraunHagey & Borden LLC's motion for preliminary injunction (Doc. No. 14). For the reasons set forth below, the Court grants Plaintiffs' motion to compel arbitration, and grants in part and denies in part Defendant's motion for preliminary injunction.

## BACKGROUND

The parties in this case entered into an agreement for Plaintiffs to provide digital forensic and data extraction services for Defendant.  Plaintiffs obtained twenty devices from Defendant, and Plaintiffs attempted to recover data from these devices.  (Doc. No. 30 ("Lanterman Decl.") ¶ 5-8.)  Plaintiffs billed Defendant for its services.  (*Id.* ¶ 11.)  The parties now dispute what services were agreed to under the contract and the cost of those services.

Plaintiffs argue that the dispute should be handled in arbitration because the parties' agreement contains an arbitration clause.  While Defendant was at one point amenable to arbitration (*see id.* ¶¶ 23-25), Defendant now asserts that the arbitration clause is unenforceable.  Additionally, Defendant requests that the Court issue a preliminary injunction, ordering Plaintiffs to return all devices, documents, data, and other information of Defendant's clients that remain in Plaintiffs' possession.  The Court addresses each issue in turn below.

## DISCUSSION

### I. Arbitration

Two conditions must be met for the Court to compel arbitration.  First, the parties must have entered into a valid agreement to arbitrate.  *Airtel Wireless, LLC v. Mont. Elecs. Co., Inc.*, 393 F. Supp. 2d 777, 786 (D. Minn. 2005).  Second, the parties' specific dispute must fall within the scope of that arbitration agreement.  *Id.*  These "threshold questions of arbitrability are for a court to decide, unless there is clear and unmistakable evidence the parties intended to commit questions of arbitrability to an arbitrator."

*Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014).

> The parties in this case signed an agreement that included the following clause:
>
> Any controversy, claim, or dispute arising out of or relating to this Agreement, or the breach, termination, enforcement, interpretation, or validity thereof, or relating otherwise to the firm's representation of Client, including the determination of the scope, jurisdiction or applicability of this agreement to arbitrate, shall be determined through binding arbitration in Minnesota by a sole arbitrator . . . .

(Doc. No. 19-1 ("Ex. A") at 3.) Plaintiffs argue that the arbitration clause contains clear and unmistakable evidence that questions of arbitrability should be left to the arbitrator because the clause states that "the determination of the scope, jurisdiction or applicability of this agreement to arbitrate[] shall be determined through binding arbitration." (Doc. No. 25 at 13.) In response, Defendant argues that because the arbitration agreement is invalid, the Court should not delegate any issues to an arbitrator.

"[T]he court determines whether a valid arbitration agreement exists," pursuant to 9 U.S.C. § 2, "before referring a dispute to an arbitrator." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019); *see also New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 538 (2019) (reasoning that a court may "enforce a delegation clause only if the clause . . . [is] consistent with § 2"). "[I]f a valid [arbitration] agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator," then the Court may not decide threshold questions of arbitrability. *Henry Schein, Inc.*, 139 S. Ct. at 530. Here, the arbitration clause clearly delegates issues of the arbitration clause's "scope,

3

jurisdiction or applicability" to the arbitrator. The issue of whether the clause itself is valid under § 2, however, remains a question for this Court.

Defendant puts forth two arguments for why the arbitration clause is invalid. First, Defendant argues that the arbitration clause is unenforceable because the parties did not agree to the specific rules governing arbitration, including the method for choosing an arbitrator. The Federal Arbitration Act ("FAA") provides that the Court may appoint an arbitrator "if no method [is] provided" in the clause. 9 U.S.C. § 5. Thus, an arbitration clause does not need to outline a method for selecting an arbitrator to be valid.

Moreover, issues of procedure and discovery can be worked out after an arbitrator is selected. Defendant cites no cases in which a court has ruled that these procedural matters must be specifically outlined within the arbitration clause to be valid. And courts have compelled arbitration without such language. *See ATG Sports Indus., Inc. v. Allsynthetic Grp., Inc.*, No. 12-cv-187, 2013 WL 12204308, at *4 (W.D. Mo. Feb. 4, 2013) (granting the plaintiff's motion to compel arbitration even though the arbitration clause did not provide which rules or procedures should apply to arbitration); *Keebler Co. v. Truck Drivers, Loc. 170*, 247 F.3d 8, 11 (1st Cir. 2001) ("Where an arbitration agreement is silent . . . the arbitrator is free to set his own rules of procedure so long as he stays within the bounds of fundamental fairness."); *Riley v. Medline Indus., Inc.*, No. 18-cv-2626, 2020 WL 5944445, at *3 (E.D. Cal. Oct. 7, 2020) ("[T]he agreement in the instant case is wholly silent as to what arbitration procedures will apply. Regardless, [the] [p]laintiff fails to persuade the Court that the absence of specific arbitration procedures renders the agreement irreparably vague."); *Indus. Servs. of Am., Inc. v.*

*Abcom Trading Pte. Ltd.*, 869 F. Supp. 2d 807, 812 (W.D. Ky. 2012) ("[T]he failure of the arbitration clause to specify a forum and procedures for arbitration . . . does not render the agreement unenforceable."); *Marzek v. Mori Milk & Ice Cream Co.*, No. 01-cv-6561, 2002 WL 226761, at *2 (N.D. Ill. Feb. 13, 2002) (granting motion to compel arbitration even though the arbitration clause was "silent on the matters of remedies, procedures, forum, enforcement, and other attributes of a typical arbitration"). The Court finds no reason to invalidate the arbitration agreement on this basis.

Second, Defendant asserts that the arbitration clause is unenforceable because the clause "appears to have been designed to permit [Plaintiffs] to unilaterally select an arbitrator and specify the rules under which arbitration will be conducted." (Doc. No. 42 at 12.) The arbitration clause provides that "[a]ny controversy, claim, or dispute arising out of or relating to this Agreement . . . shall be determined through binding arbitration in Minnesota by a sole arbitrator." (Ex. A at 3.) Defendant has failed to explain how this language provides Plaintiffs with any unilateral authority to control or otherwise modify the arbitration process. While courts have declined to enforce arbitration clauses that include *specific language* granting one party the power to unilaterally modify or repeal the provision, no such language exists here. *See, e.g., Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1219-20 (10th Cir. 2002) (declining to compel arbitration where the agreement allowed one party "to change the arbitration provision at will").

The Court therefore finds that the arbitration agreement is valid and thus remaining issues of arbitrability, including the scope of the arbitration agreement, are

5

delegated to the arbitrator. The Court will stay this action pending arbitration. 9 U.S.C. § 3.

## II. Preliminary Injunction

The next issue before the Court is Defendant's motion for preliminary injunction. Defendant requests that the Court order Plaintiffs to return to Defendant all devices, documents, data, and information of Defendant's clients that Plaintiffs have in their possession.

Because this case is subject to arbitration, the Court may only grant a preliminary injunction if there is "qualifying contractual language" that permits such relief. *Manion v. Nagin*, 255 F.3d 535, 538-39 (8th Cir. 2001). "Qualifying contractual language is language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute." *Id.* at 539 (internal quotations and citation omitted). Here, Defendant does not argue that contract contemplates injunctive relief.

Despite the lack of qualifying contractual language, Defendant asserts that the Court has authority, under Minnesota law, to provide "provisional remedies to protect the effectiveness of the arbitration proceeding." Minn. Stat. § 572B.08(a). The Court agrees that a provisional remedy is necessary in this case to preserve the status quo and protect the effectiveness of arbitration. Plaintiffs are therefore prohibited from destroying any devices, data, documents, or information of Defendant's clients that Plaintiffs have in their possession. The Court will not at this time, however, order Plaintiffs to return

Defendant's devices and data. The arbitrator, rather than this Court, is best suited to handle the manner and terms of the return.

That being said, the Court encourages the parties to negotiate the return of Defendant's devices and data prior to arbitration. Plaintiffs indicated that they would be willing to return Defendant's devices subject to a bond, and Defendant stated that it would agree to a reasonable bond to cover the cost of returning the devices. Given the parties' relatively congruent positions, the Court sees no reason why they should wait until arbitration to handle this issue. But if the parties are unable to reach an agreement, the dispute will be left for the arbitrator.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' motion to compel arbitration and grants in part and denies in part Defendant's motion for a preliminary injunction.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for preliminary injunction (Doc. No. [14]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiffs must preserve all devices, documents, data, and information of Defendant's clients that Plaintiffs have in their possession.

2. Plaintiffs' motion to compel arbitration (Doc. No. [22]) is **GRANTED.**

3. This case is **STAYED** to allow the parties to proceed through arbitration.

4.       Parties are encouraged to jointly select an arbitrator.  If Parties cannot agree, then within 7 days of this Order, Parties are directed to submit to the Court by letter three names of potential arbitrators who would be immediately available to arbitrate this dispute.  The Court will then select an arbitrator from the lists provided.

Dated:  February 3, 2023                        s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge