

Writer's Direct Dial No.: (952) 746–2139
E–Mail: bkenny@Hjlawfirm.Com

April 27, 2023

The Honorable Donovan W. Frank                                   VIA E–FILE
United States District Court
316 N. Robert Street, Courtroom 7C
St. Paul, MN 55101

Re:   *Computer Forensic Serv., Inc., et al. v. BraunHagey & Borden LLC*
      Court File No. 22–cv–02665
      Our File No.: 32294.0001

Dear Judge Frank:

BraunHagey & Borden LLC (BHB) submits this letter to update Your Honor on BHB's efforts to agree on a suitable arbitrator to decide the parties' dispute. After Judge Robert Blaeser disclosed his prior significant interactions with Mark Lanterman, the principal of Plaintiff Computer Forensic Services (CFS) and a key witness, the parties agreed on Judge Thomas Fraser. But Judge Fraser then declined the engagement, stating he could not take on another matter.

Because of Judge Fraser's unavailability and Judge Blaeser's conflict, BHB respectfully requests that the Court appoint Judge Kathleen Gearin as the arbitrator. Judge Gearin has more than 20 years of experience as a judge, and has no conflicts precluding her from serving as a neutral, unbiased arbitrator.

### Relevant Background

Because BHB believes that Judge Blaeser's significant interactions with Mr. Lanterman preclude Judge Blaeser from serving as a neutral arbitrator, BHB attempted to discuss alternative arbitrators with CFS. CFS refused, insisting on Judges Blaeser, Keyes, or Fraser. BHB told CFS it could proceed before Judge Gearin or Judge Karen Klein, along with two arbitrators it had previously proposed (Mark Bradford or Charles Ragan). CFS refused to consider any of these alternatives.

After this Court's April 20 order[1] directing the parties to "agree on Judge Blaeser, Judge Keyes, Judge Fraser, or Judge Gearin," or the Court would appoint Judge Blaeser, BHB agree to go with Judge Fraser—an arbitrator that CFS first proposed. Unfortunately, Judge Fraser declined the engagement.

---

[1] ECF 62.

8050 West 78th Street, Edina, MN 55439
Office: 952-941-4005  Fax: 952-941-2337

hjlawfirm.com
ON YOUR SIDE. AT YOUR SIDE.

The Honorable Donovan W. Frank
April 27, 2023
Page 2

### THE COURT SHOULD APPOINT JUDGE GEARIN

BHB asks that the Court appoint Judge Gearin as neutral arbitrator for this dispute. Judge Gearin has more than 20 years of judicial experience, and therefore satisfies CFS's "strong preference that an individual with judicial experience serve as arbitrator for this dispute." (ECF 60 at 1.) Judge Gearin also has *no conflicts* that would prevent her from fairly deciding this case. Indeed, CFS has never provided *any* justification, let alone a meritorious one, for opposing her appointment.

Instead, CFS continues to demand BHB accept its proposed arbitrators, who have significant prior involvement with Mr. Lanterman and CFS that make them unsuitable to serve as a neutral here. *See* JAMS Ethics Guideline V.C (arbitrators "should not proceed with the process unless all parties have acknowledged and waived any actual or potential conflict of interest."); Minn. Unif. Arb. Act § 572B.11(b) (barring arbitrator with a "known, existing, and substantial relationship with a party" from serving).

Judge Blaeser informed the parties that he used Mr. Lanterman as an expert to speak to the civil judges in Hennepin County when he was Chief Judge of the Civil Division. BHB cannot agree to proceed with arbitration before an arbitrator who has had prior direct dealings with Mr. Lanterman. In addition, Judge Blaeser's prior use of Mr. Lanterman as an expert raise "an impression of possible bias." S*ee Poletz for Laudine L. Ploetz, 1985 Tr. v. Morgan Stanley Smith Barney LLC*, 894 F.3d 894, 898 (8th Cir. 2018). And the impression of potential bias is particularly severe here because Judge Blaeser has already concluded that Mr. Lanterman is an expert in his field, but BHB contends that Mr. Lanterman's views deviate from generally held views in his industry.

Judge Keyes also has a "known, existing, and substantial relationship" with CFS that precludes her from serving as a neutral arbiter. *See* Minn. Unif. Arb. Act § 572B.11(b). Judge Keyes has designated Mr. Lanterman as an expert witness in another pending arbitration, and Mr. Lanterman and CFS have retained Judge Keyes as both an arbitrator and mediator.[2] As with Judge Blaeser, Judge Keyes's conclusion that Mr. Lanterman is an expert raises an appearance of bias regarding a key issue in this case. CFS and Mr. Lanterman's patronage of Judge Keyes also creates "an impression of possible bias." *Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1135 (9th Cir. 2019).

All this, of course, has no bearing on Judges Blaeser and Keyes's professionalism and integrity. But this dispute should be resolved by a neutral with no prior connection. Judge Gearin meets this standard, and CFS has *never* articulated any basis for opposing her appointment. This matter should move forward with Judge Gearin as arbitrator.

---

[2] *See* ECF 42 at 16–17.

The Honorable Donovan W. Frank
April 27, 2023
Page 3

Thank you for your time and consideration. If this Court finds it appropriate, BHB is available for a status conference.

                                                  Very truly yours,

                                                  HELLMUTH & JOHNSON

                                                  Brendan M. Kenny
                                                  Attorney at Law

BMK/