

800 PENCE BUILDING  
800 HENNEPIN AVENUE  
MINNEAPOLIS, MINNESOTA 55403  
(612) 605-0630  
WWW.MADELLAW.COM

CASSANDRA MERRICK  
DIRECT DIAL  
(612) 605-0632  
CMERRICK@MADELLAW.COM

April 28, 2023

The Honorable Donovan W. Frank            *Via CM/ECF*  
United States District Court  
316 N. Robert Street, Courtroom 7C  
St. Paul, MN 55101

      Re:    *Computer Forensic Services, Inc., v. BraunHagey & Borden*  
             Court File No. 0:22-cv-02665-DWF-ECW

Dear Judge Frank:

     I write to object to the April 27, 2023 letter of counsel for Defendant (Dkt. No. 63) and to request that, pursuant to the Court's April 20, 2023 Order (Dkt. No. 62), the Court appoint Judge Robert Blaeser to arbitrate this dispute.

     While the parties did agree to request that Judge Fraser arbitrate this dispute, he has indicated that he is unavailable. The parties have not agreed on any other arbitrator and accordingly, this Court should appoint Judge Blaeser per that Order, Dkt. No. 62.

     Yesterday's letter from Defendant's counsel is uninvited, improper supplemental briefing that directly contravenes this Court's April 20, 2023 Order. Should the Court consider it, the Court should be aware that Judge Blaeser himself specifically stated in his comments to the parties about this issue, "I don't think this disqualifies me as an arbitrator[.]" Plaintiff further wishes to point out that Judge Blaeser's disclosure to the parties indicated that he had perhaps used Mr. Lanterman to speak to the civil judges in Hennepin County at some point in the past. In reviewing his emails, Mr. Lanterman has been able to confirm his own recollection that it was Judge Jay Quam, not Judge Blaeser, who specifically invited Mr. Lanterman to speak, although given the timing, Judge Blaeser was present. Of course, it is entirely fair that Judge Blaeser's memory on this point may be somewhat limited given that this speaking engagement occurred more than a decade ago. Finally, Judge Blaeser mediated a dispute involving CFS in 2017; this is in no way disqualifying, and if it was, parties could very quickly run out of individuals who were qualified to arbitrate disputes.

      The sole case cited by Defendant in opposing Judge Blaeser's appointment involves an arbitrator's failure to disclose that he had previously mediated a case involving one of the parties. In that case, the Eighth Circuit found precisely the opposite of what Defendant is arguing here. And the language cited by Defendant—"an impression of possible bias"—is language the Eighth Circuit specifically noted in that case was among the "earliest constructions" of the term "evident partiality" and which it does not adopt in that case. *Ploetz for Laudine L. Ploetz, 1985 Tr. v. Morgan Stanley Smith Barney LLC*, 894 F.3d 894, 898 (8th Cir. 2018). Citation to that case for the premise for which Defendant offers it is inaccurate at best. The court in fact concluded that there was no basis for any finding of evident bias: "We see nothing in [the arbitrator's] undisclosed mediation of a years-old, unrelated case that could create an appearance of bias." *Id. at 899*.

      Defendant's attempted delays have gone on long enough. Plaintiff respectfully requests that the Court formally appoint Judge Robert Blaeser as arbitrator of this dispute so the parties may finally reach the merits.

      Very truly yours,

      *s/ Cassandra Merrick*

      Cassandra Merrick